UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOP NOTCH SOLUTIONS, INC., et al.,

Plaintiffs,

v.

CROUSE AND ASSOCIATES
INSURANCE BROKERS, INC., et al.,

Defendants.

C17-827 TSZ

ORDER

THIS MATTER comes before the Court on a praecipe filed by plaintiffs, docket no. 92, which sought to correct "errors" in the Fourth Amended Complaint, and which was treated as a motion for leave to file a fifth amended complaint. <u>See</u> Minute Order (docket no. 93). After defendants Crouse and Associates Insurance Brokers, Inc. ("Crouse") and McGriff, Seibels & Williams Inc. ("McGriff") filed responses, docket nos. 95 and 96, respectively, asking the Court to strike any claims being made under Sections 1 and 2 of the Sherman Act and/or plaintiffs' Fourth Amended Complaint, docket no. 90, plaintiffs filed a reply, docket no. 97, improperly noted as a motion to amend, and another praecipe, docket no. 98, attached to which was a proposed Fifth Amended Complaint. Having reviewed plaintiffs' proposed pleadings and all of the papers filed in support of and in opposition to plaintiffs' request for leave to amend, the Court enters the following order.

ORDER - 1

**Background**

When plaintiffs commenced this action, they named as defendants (i) Crouse, (ii) Pucin & Freidland, P.C. ("Pucin"), and (iii) Jane/John Doe 1-50. <u>See</u> Compl. (docket no. 1-1). Plaintiffs sought and were granted leave to amend their pleading. <u>See</u> Minute Order (docket no. 25). An Amended Complaint, docket no. 26, was filed on July 28, 2017. On motions brought by Crouse and Pucin, portions of the Amended Complaint were dismissed, in part with prejudice and in part without prejudice. <u>See</u> Order (docket no. 38). Plaintiffs were granted leave to amend, and they filed their Second Amended Complaint, docket no. 40, on November 28, 2017.

Plaintiffs sought and were granted leave to amend yet again, and they filed their Third Amended Complaint, docket no. 50, on December 26, 2017, adding McGriff as a defendant. Crouse and Pucin filed answers to the Third Amended Complaint, <u>see</u> Answers (docket nos. 59 & 73), but McGriff moved to dismiss certain claims set forth in that pleading. The Court granted McGriff's motion in part and dismissed without prejudice and with leave to amend certain antitrust claims brought under Washington's Consumer Protection Act ("CPA"), specifically RCW 19.86.030 and .040. <u>See</u> Order (docket no. 86).

In the meanwhile, plaintiffs had again asked for leave to amend their pleading, seeking to join as a defendant National Casualty Company. Their motion was denied by Minute Order entered June 29, 2018, docket no. 89, and a deadline was set for plaintiffs to electronically file an amended pleading consistent with the Order ruling on McGriff's partial motion to dismiss. Plaintiffs filed their Fourth Amended Complaint, docket

no. 90, on July 26, 2018, alleging for the first time, against both Crouse and McGriff, a violation of Section 2 of the Sherman Act. <u>See</u> <u>id.</u> at ¶ 4.6.7. Before the deadline for McGriff to file a responsive pleading or motion, plaintiffs filed the praecipe at issue that has been treated as a motion for leave to file a fifth amended complaint. <u>See</u> Praecipe (docket no. 92).

The proposed Substitute Fourth Amended Complaint, which was attached to the praecipe, pleads for the first time a violation of Section 1 of the Sherman Act. <u>See</u> Prop. Substitute 4th Am. Compl. at ¶ 4.6.7 (docket no. 92-1). This claim is alleged against both Crouse and McGriff. <u>See</u> <u>id.</u> The claims under Sections 1 and 2 of the Sherman Act, against Crouse and McGriff, also appear in plaintiffs' revised proposed pleading, captioned as the Fifth Amended Complaint, docket no. 98-1, which was attached to the praecipe filed contemporaneously with plaintiffs' reply (and improperly noted motion to amend).

**Discussion**

**A.**     **Motion Practice**

Plaintiffs and their counsel are hereby DIRECTED not to file any more praecipes in connection with their pleadings. A pleading may not be "corrected" or amended via praecipe, and plaintiffs' attorney has created confusion and unnecessarily complicated the record in this matter by attempting to circumvent the requirement of a formal motion to obtain the relief she seeks on behalf of her clients, namely leave to amend a pleading. Plaintiffs and their lawyer are also ADVISED that further breaches of the Court's rules concerning the manner in which motions are to be filed and noted will not be tolerated.

A reply brief may not contain a new motion, other than one to strike materials in, or submitted with, a response, see Local Civil Rule 7(g), and all motions must be noted in accordance with Local Civil Rule 7(d). If plaintiffs' counsel continues not to abide by the Court's rules, the Court will consider imposing sanctions, including requiring counsel to attend training and/or a monetary penalty.

**B.      Standard for Amending Pleadings**

The liberal rules regarding the amendment of pleadings indicate that the Court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court must consider the following factors: (i) whether the apparent or declared reason for seeking to amend is undue delay, bad faith, or dilatory motive; (ii) whether the movant has repeatedly failed to cure deficiencies by amendments previously allowed; (iii) whether the opposing party will be unduly prejudiced if leave to amend is given; and (iv) whether the proposed amendment is futile. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Not all of the factors merit equal weight; rather, prejudice to the opposing party is the "touchstone" of the inquiry under Rule 15(a)(2). Id. at 1052. Absent prejudice or a strong showing with respect to at least one of the remaining factors, leave to amend should be granted. Id.

Crouse and McGriff complain that, in asserting a claim under Section 2 of the Sherman Act, the Fourth Amended Complaint (which is currently the operative pleading) went beyond the scope of the leave to amend granted by the Court in its Order entered May 30, 2018, docket no. 86, and subsequent Minute Order entered June 29, 2018,

ORDER - 4

docket no. 89. Defendants might be correct, but plaintiffs now have a pending motion for leave to amend, and the question before the Court is not whether the Fourth Amended Complaint was consistent with the Court's earlier rulings, but rather whether plaintiffs should be allowed to file either their Substitute Fourth Amended Complaint or their Fifth Amended Complaint, alleging new claims under both Sections 1 and 2 of the Sherman Act.[1] Because one of the factors relevant to a Rule 15(a)(2) motion is whether the proposed amendment is futile, the threshold question is whether the proposed revised pleading adequately states claims under Sections 1 and 2 of the Sherman Act.

**C.    Sherman Act**

Section 1 of the Sherman Act provides in relevant part:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce *among the several States*, or with foreign nations, is declared to be illegal.

15 U.S.C. § 1 (emphasis added).  Section 2 of the Sherman Act reads in part:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce *among the several States*, or with foreign nations, shall be deemed guilty of a felony . . . .

15 U.S.C. § 2 (emphasis added).  To proceed under Sections 1 and/or 2 of the Sherman Act, a plaintiff must allege that the challenged activity is "in" or has an "effect on"

---

[1] Whether plaintiffs cured (or might cure), in their Fourth Amended Complaint, docket no. 90, which plaintiffs were granted leave to file, or in their proposed Substitute Fourth Amended Complaint, docket no. 92-1, or proposed Fifth Amended Complaint, docket no. 98-1, the deficiencies of their previous pleadings with respect to their state law antitrust claims is not currently before the Court. Crouse and McGriff contest only plaintiffs' ability to proceed forward on Sherman Act, as opposed to CPA-based, restraint-of-trade and/or monopolization claims.

interstate commerce. <u>See</u> <u>McLain v. Real Estate Bd. of New Orleans, Inc.</u>, 444 U.S. 232, 241-42 (1980). A plaintiff may not rely merely on the "identification of a relevant local activity" and a presumption that such activity has "an interrelationship with some unspecified aspect of interstate commerce," but rather must plead in the complaint "the critical relationship," describing how the local activity "has an effect on some other appreciable activity demonstrably in interstate commerce." <u>Id.</u> at 242. Plaintiffs' proposed Substitute Fourth Amended Complaint and Fifth Amended Complaint fail to indicate how the alleged conduct of Crouse and McGriff was "in" or had an "effect on" interstate commerce.

To the contrary, the proposed pleadings discuss a taxi and for-hire industry and an insurance industry that are heavily regulated by the State of Washington and/or its counties and municipalities. <u>See</u> Prop. Substitute 4th Am. Compl. & Prop. 5th Am. Compl. at ¶ 3.1 (docket nos. 92-1 & 98-1). The proposed pleadings further indicate that the extent of any anticompetitive behavior in which Crouse and/or McGriff engaged was limited to the Western Washington and Greater Seattle region. <u>Id.</u> at ¶¶ 3.3.25, 3.3.28, 3.4.1, 3.4.3, & 3.4.9. The crux of plaintiffs' antitrust claims is that the International Brotherhood of Teamsters Local 117 created the Western Washington Taxicab Operators Association ("WWTCOA"), which encouraged taxi and for-hire drivers to join for $25.00 per month and then to purchase liability insurance exclusively through McGriff, which in collusion with Crouse managed to divert all business away from plaintiffs and other local insurance brokers. <u>See id.</u> at §§ 3.3 & 3.4. The proposed pleadings make no assertion that any of the steps taken by Crouse and/or McGriff to consolidate how insurance

products were procured in the local area had any "effect on" interstate commerce. The Court is persuaded that plaintiffs could not, in an amended pleading, allege the requisite relationship between the local activity at issue and interstate commerce, and that plaintiffs' attempt to add claims under Sections 1 and 2 of the Sherman Act is futile. The Court need not and does not address the other Rule 15(a)(2) factors.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Plaintiffs' motion, docket no. 92, for leave to file the proposed Substitute Fourth Amended Complaint, docket no. 92-1, is GRANTED in part and DENIED in part. The Fourth Amended Complaint, docket no. 90, shall remain the operative pleading, but it is hereby deemed corrected in the manner set forth in the Praecipe filed July 31, 2018, docket no. 92, on Page 2 at Lines 5-12. The proposed change described in the Praecipe on Page 2 at Lines 13-14 (substituting "Sections 1 and 2" for "Section 2" of the Sherman Act) is not permitted. Moreover, any claim made in the Fourth Amended Complaint, docket no. 90, pursuant to the Sherman Act is hereby STRICKEN.

(2) Plaintiffs' motion, docket no. 97, for leave to file the proposed Fifth Amended Complaint, docket no. 98-1, is DENIED.

(3) Any motion or pleading responsive to the Fourth Amended Complaint, docket no. 90, as hereby amended, shall be filed within fourteen (14) days of the date of this Order. To accommodate plaintiffs' counsel's health status, any responsive motion shall be noted on or after November 16, 2018. Upon the agreement of all counsel, the

movant may, without an order of the Court, renote any such motion to allow plaintiffs' counsel additional time to recover from surgery and prepare a response to the motion.

(4) Plaintiffs are DIRECTED to show cause by November 16, 2018, why their claims against defendants Jane/John Doe 2-50 should not be dismissed for failure to prosecute, the deadline for joining parties having expired on May 14, 2018.

(5) On or before November 16, 2018, the parties shall file a Joint Statement concerning subject-matter jurisdiction, setting forth the states in which each corporate party is organized and has its principal place of business, and the state in which each individual party resides or is a citizen.

(6) The parties' stipulated motion for stay and to continue the trial date, docket no. 100, is DENIED in part and GRANTED in part as follows. The request for a 30-day stay is DENIED. The trial date of April 29, 2019, and the remaining related dates and deadlines are STRICKEN. On or before November 16, 2018, the parties shall confer and file a Joint Status Report concerning plaintiffs' counsel's health condition and, if appropriate, setting forth proposed dates for completing discovery, filing any dispositive motions, and commencing trial.

(7) The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 15th day of October, 2018.

Thomas S. Zilly
United States District Judge

ORDER - 8