UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOP NOTCH SOLUTIONS, INC.; and ROBERT RASHIDI,<br><br>        Plaintiffs,<br><br>v.<br><br>CROUSE AND ASSOCIATES INSURANCE BROKERS, INC.; McGRIFF, SEIBELS & WILLIAMS, INC.; LAW OFFICES OF PUCIN & FREIDLAND, P.C.; and JOHN/JANE DOES 2-50,<br><br>        Defendants. | C17-827 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion for reconsideration, docket no. 109, which has been treated as a motion for leave to file a fifth amended complaint, *see* Minute Order (docket no. 111), is DENIED. Plaintiffs' proposed amended complaint, docket no. 109-1, does not contain the requisite allegations to establish a plausible relationship between the local activities at issue and interstate commerce, and plaintiffs have not pleaded sufficient facts to proceed on claims under the federal Sherman and/or Clayton Acts.

(2) The motion for judgment on the pleadings, docket no. 104, brought under Federal Rule of Civil Procedure 12(c) by defendant McGriff, Seibels & Williams, Inc. ("McGriff") is GRANTED in part and DENIED in part, as follows.

    (a) The Court previously granted McGriff's partial motion to dismiss with respect to the claim made in the Third Amended Complaint, docket no. 50, for violation of Washington's Consumer Protection Act ("CPA"), but granted plaintiffs leave to amend. *See* Order at 3-4 (docket no. 86). In connection with the CPA claim, plaintiffs' Fourth Amended Complaint, docket no. 90, suffers from

MINUTE ORDER - 1

the same deficiencies as the Third Amended Complaint, namely a failure to plead how competition generally (as opposed to plaintiffs' business in particular) has been injured by McGriff's actions. The Court concludes that, to the extent plaintiffs have been aggrieved by the activities of McGriff and others, their claims do not sound in antitrust, and plaintiffs cannot cure the inadequacies of their CPA claim asserted under RCW 19.86.030 and .040. McGriff's motion for judgment on the pleadings is therefore GRANTED as to the CPA claim asserted against McGriff pursuant to RCW 19.86.030 and .040.

 (b) With regard to plaintiffs' claim for tortious interference with a contractual relationship or business expectancy, the Court denied McGriff's earlier Rule 12(b)(6) motion to dismiss, and its Rule 12(c) motion is simply a motion for reconsideration, which shows no manifest error in the prior ruling and presents no facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *See* Local Civil Rule 7(h)(1). McGriff's motion for judgment on the pleadings is therefore DENIED with respect to the tortious interference claim.

 (c) As to plaintiffs' defamation or business disparagement claim, which was not challenged in McGriff's prior Rule 12(b)(6) motion, McGriff argues that (i) it is entitled to judgment because the pleading is insufficient, and (ii) the claim was not brought within the two-year limitation period and is therefore time-barred. Although the Court agrees with McGriff that the defamation and/or disparagement claim is not well pleaded, the remedy for such deficiency is not judgment on the pleadings, but rather dismissal without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). McGriff, however, did not ask for such remedy, and the Court declines to grant it. The Court is also inclined to concur with McGriff that the defamation and/or disparagement claim is time-barred, but in deciding a Rule 12(c) motion, the Court is not permitted to consider matters outside the pleadings or resolve factual questions about when plaintiffs discovered the cause of their alleged injuries. *See* Fed. R. Civ. P. 12(d); *see also JM Martinac Shipbuilding Corp. v. Washington*, 363 Fed. App'x 529, 531-32 (9th Cir. 2010) (reversing the dismissal of defamation and commercial disparagement claims as being time-barred because the district court improperly concluded that the discovery rule did not apply, the record did not indicate when the plaintiff learned of its injury, and what the plaintiff should have known at a given time is a question of fact, with the burden of proof on the defendant). Thus, McGriff's motion for judgment on the pleadings is DENIED with regard to the defamation and/or disparagement claim.

 (3) Plaintiffs are DIRECTED to show cause within twenty-one (21) days of the date of this Minute Order why their claims against defendants John/Jane Does 2-50 should not be dismissed without prejudice for failure to identify such entities and prosecute.

MINUTE ORDER - 2

(4)     Plaintiffs did not timely respond to McGriff's motion to compel, docket no. 121, and in a notice filed on the noting date for the motion to compel, McGriff indicated that plaintiffs' counsel might have experienced a family medical issue. The trial date and related deadlines in this case were previously stricken because of plaintiffs' counsel's health condition, <u>see</u> Order at 8 (docket no. 101), and in light of the pending dispositive and discovery motions, the Court has not reset the trial date or related deadlines. In connection with the separate motion to compel, docket no. 112, brought by Crouse and Associates Insurance Brokers, Inc. ("Crouse"), the parties dispute whether plaintiffs have responded to discovery requests. The Court is unable to determine from the record what has been produced in response to the various discovery requests. Thus, the parties are DIRECTED to meet and confer and to file an updated Joint Status Report within twenty-one (21) days of the date of this Minute Order concerning (i) exactly what, if any, discovery has been produced by plaintiffs, and what, if any, discovery requests remain outstanding; and (ii) what trial date and related deadlines the parties propose in light of the delays encountered since their last Joint Status Report, docket no. 106, was filed on November 16, 2018.

(5)     Defendant Crouse's motion to compel, docket no. 112, and defendant McGriff's motion to compel, docket no. 121, are DEFERRED and RENOTED to February 8, 2019.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of January, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3